Stephen L. Rosen Chairman, Statewide Judicial Nominating Committee for Judges of Compensation Claims
QUESTION:
May the Statewide Judicial Nominating Committee for Judges of Compensation Claims fill a vacancy on the committee which is appointed by the Florida Bar or the Governor?
SUMMARY:
The Statewide Judicial Nominating Committee for Judges of Compensation Claims has no statutory authority to fill vacancies on its committee which are mandated by s. 440.45, F.S., to be filled by the Florida Bar or the Governor.
You state that one of the members of your committee who was appointed by the Governor has resigned and that it is anticipated that a lay member of the committee may resign. While the commit-tee feels it is authorized to appoint a member to replace the vacancy created by the resignation of a lay member, there is uncertainty as to whether the vacancy created by the resignation of a member appointed by the Governor may be filled by the committee.
Regarding the statewide nominating commission for judges of compensation claims, s. 440.45(1), F.S., in pertinent part, provides:
 The statewide nominating commission shall be composed of the following: five members, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Board of Governors of The Florida Bar from among The Florida Bar members who are actively engaged in the practice of law; five electors, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Governor; and five electors, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, and who are not members of The Florida Bar, selected and appointed by a majority vote of the other ten members of the commission. . . .
The language of the statute is clear in designating how the members of the committee are to be appointed.[1] While the statute does not refer directly to how vacancies on the committee will be filled, the manner in which the original appointments to the committee are made would appear to control the filling of such vacancies. The committee is statutorily authorized to appoint five members of the committee. It may not enlarge or alter this power by appointing members to fill vacancies created by the resignation of members appointed by the Governor or The Florida Bar.[2]
Accordingly, the Statewide Judicial Nominating Committee for Judges of Compensation Claims is not authorized by s. 440.45, F.S., to appoint members to its committee to fill vacancies created by the resignation of members which have been appointed by the Governor or The Florida Bar.
[1] See, Alsop v. Pierce, 19 So.2d 799-805 (Fla. 1944) (where the Legislature prescribes the mode in which a thing is to be done, it is a prohibition against its being done in any other way).
[2] See, AGO's 86-46 and 85-65 (state administrative agency possesses no inherent power and may exercise only such authority as is expressly or by necessary implication conferred by law).